UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

          Plaintiff,          Case No. 1:06-cv-811

v.          Honorable Robert Holmes Bell

CORRECTIONAL MEDICAL
SERVICES et al.,

          Defendants.
_____/

## ORDER TO SHOW CAUSE

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff's allegations are insufficient for the Court to determine whether he has properly exhausted his administrative remedies, he will be allowed fourteen days to show cause why this action should not be dismissed without prejudice for lack of exhaustion of available administrative remedies.

### Factual Background

Plaintiff is presently incarcerated at the Earnest C. Brooks Correctional Facility (LRF). He complains of conditions at LRF and at the Standish Maximum Correctional Facility (SMF), where he was previously incarcerated.

In his *pro se* complaint, Plaintiff sues Correctional Medical Services, Inc.; Dr. Robert Burtch; Dr. Badawi M. Abdellatif; SMF Health Unit Manager Karen Peters; SMF Warden Thomas

Birkett; SMF Physician's Assistant S.H. Heebsh; LRF Warden Mary Berghuis; LRF Deputy Warden Rick Smith; LRF Nurses Karen Rich, Brenda Belanger, and Theresa Simmons; and LRF "D.O.N." Julie Van Setters.  Plaintiff alleges that Defendants forced him to re-use catheters on a continuing basis, even after he told them the practice had caused him to contract the antibiotic-resistant infection Methicillin Resistant Staphylococcus Aureus (MRSA).  Plaintiff further alleges that after he complained about the forced catheter re-use, Defendants retaliated against him in a number of ways, including confiscating his property and withholding diapers from him for ten days, forcing him to wear urine-soaked clothes and sleep in a urine-soaked bed.

For relief, Plaintiff seeks temporary and permanent injunctions requiring Defendants to provide him with adequate medical supplies to prevent infection; a permanent injunction requiring all prison and medical staff to clearly display their identification; compensatory damages of $10 million; and punitive damages of $10 million.

**Exhaustion of Available Administrative Remedies**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte*.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his

complaint, if the decision is available.  *Brown*, 139 F.3d at 1104.[1]  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the types of claims that may be grieved through the three step prison grievance process.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement"); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).  Although Plaintiff alleges that he filed grievance number LRF 0602 0022 412 E3 and pursued it through Step III (Compl., p. 3), he neither alleges nor shows that he named each Defendant and set forth each claim at Step I as is required.

In light of the foregoing, Plaintiff is hereby ordered to show cause why this case should not be dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies.  Plaintiff's response to this order shall be in the form of an affidavit (or statement made under penalties of perjury), and filed within fourteen days of the date of this order.  At a minimum, he should allege which Defendants were named in each grievance, what claims were raised in each grievance, and the date that each grievance was filed and resolved.  Copies of all grievances and

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. L.R. 25(a).  Plaintiff filed his complaint on an old version of the existing form.

responses, if available, shall be attached, or Plaintiff must allege that copies are not available. If Plaintiff fails to file a timely response demonstrating exhaustion, the Court may dismiss his action without prejudice. Therefore:

**IT IS ORDERED** that Plaintiff must show good cause, on or before fourteen days from the date of this order, why his action should not be dismissed without prejudice pursuant to § 1997e(a) for failure to exhaust available administrative remedies.

DONE AND ORDERED this 7th day of December, 2006.

/s/  Joseph G. Scoville
United States Magistrate Judge