UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY JUNIUS BOULDING,          )
                                  )
                    Plaintiff,    )          Case No. 1:06-cv-811
                                  )
v.                                )          Honorable Robert Holmes Bell
                                  )
CORRECTIONAL MEDICAL              )
SERVICES et al.,                  )
                                  )
                    Defendants.   )
_____ )

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.
On December 7, 2006, this Court entered an order requiring Plaintiff to show cause why this action
should not be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C.
§ 1997e(a) (docket #3).  On December 18, 2006, Plaintiff filed a response to the Court's order, and
on December 21, 2006, Plaintiff filed a supplement to his complaint (docket ## 4, 5).

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321
(1996), the Court is now required to dismiss any prisoner action brought under federal law if the
complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks
monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A.  The Court must
read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and
accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton
v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards to Plaintiff's complaint, the Court

will dismiss without prejudice Plaintiff's retaliation claim against all Defendants and his Eighth Amendment claim against some Defendants for failure to exhaust administrative remedies; and order service on Plaintiff's Eighth Amendment claim against the remaining Defendants.

**Discussion**

I.      Factual Allegations

Plaintiff is incarcerated with the Michigan Department of Corrections and is currently housed at the Earnest C. Brooks Correctional Facility (LRF).  He complains of conditions at LRF and at the Standish Maximum Correctional Facility (SMF), where he was previously incarcerated.

In his *pro se* complaint, Plaintiff sues Correctional Medical Services, Inc.; SMF Dr. Robert Burtch; SMF Health Unit Manager Karen Peters; SMF Warden Thomas Birkett; SMF Physician's Assistant S.H. Heebsh;  LRF Dr. Badawi Abdellatif; LRF Warden Mary Berghuis; LRF Deputy Warden Rick Smith; LRF Nurses Karen Rich, Brenda Belanger, and Theresa Simmons; and LRF "D.O.N." Julie Van Setters.  Plaintiff alleges that Defendants forced him to re-use catheters on a continuing basis, even after he told them the practice had caused him to contract numerous infections including antibiotic-resistant Methicillin Resistant Staphylococcus Aureus, also known as MRSA.  Plaintiff further alleges that after he complained about the catheter re-use, Defendants retaliated against him in a number of ways, including confiscating his property and withholding diapers from him for ten days, forcing him to wear urine-soaked clothes and sleep in a urine-soaked bed.  Plaintiff claims that as a result of catheter re-use, he has suffered and will continue to suffer from long-term loss of urinary sensation, infections, and mental trauma.

For relief, Plaintiff seeks temporary and permanent injunctions requiring Defendants to provide him with adequate medical supplies to prevent infection; a permanent injunction requiring

all prison and medical staff to clearly display their identification; compensatory damages of $10 million; and punitive damages of $10 million.

## II.    Exhaustion of Administrative Remedies

Plaintiff has not exhausted his administrative remedies as to each of his claims, or against all Defendants. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust administrative remedies even if he may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El,* 215 F.3d at 642. A prisoner must make particularized averments as necessary for the district court to determine what, if any, claims have been exhausted or what has been done in an attempt to exhaust the claims. *Id.*[1] Additionally, a prisoner must specifically

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. L.R. 25(a). Plaintiff's complaint was filed on the form; he has also admitted that he

mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006)*; Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *accord Harbin-Bey v. Rutter*, 420 F.3d 571, 581 (6th Cir. 2005); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's Eighth Amendment and retaliation claims are the type of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant") (effective 4/28/03). Notwithstanding this fact, Plaintiff has not exhausted administrative remedies as to all claims against each of the Defendants.

A.     **Retaliation claim**

Plaintiff did not exhaust his retaliation claim. In Grievance No. LRF 0602 0022 412 E3, he complained only of being forced to re-use catheters; he did not mention any retaliation by Defendants. The prisoner's copy of a grievance alleging confiscation of Plaintiff's television, radio, and headphones (Pl.'s Resp. Attach. 25, docket #4) does not serve to exhaust Plaintiff's retaliation claim for three reasons. First, the grievance does not specifically allege that Plaintiff's property was taken in retaliation for Plaintiff's request for new catheters. Second, the grievance does not allege that Plaintiff's diapers were withheld from him out of retaliation, as is alleged in his complaint.

did not grieve all of his claims.

- 4 -

Third, the grievance does not name any individuals, and, thus, it did not grieve the retaliation claim against any of the Defendants in this action.   As a result, even if, as Plaintiff maintains, this grievance was properly filed but "ignored" by prison officials, it did not exhaust Plaintiff's retaliation claim.

It is not clear whether Plaintiff may still grieve his retaliation claim.   Under prison policy, complaints must be resolved expeditiously, and complaints may be rejected as untimely.   *See* Policy Directive 03.02.130, ¶ G(4) (effective 4/28/03).   The Sixth Circuit held that an inmate cannot claim that "it is futile for him to [file a grievance] because his grievance is now time-barred under the regulations."   *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).

B.    **Eighth Amendment claim against Defendants Correctional Medical Services, Inc., Van Setters, Belanger, Rich, Smith, Berghuis, and Abdellatif**

Plaintiff did not grieve his claims against Defendants Correctional Medical Services, Inc., Van Setters, Belanger, Rich, Smith, Berghuis, or Abdellatif.   None of these Defendants are named in Grievance No. LRF 0602 0022 412 E3; nor does Plaintiff argue in any of the materials he submitted to the Court that he named these Defendants in any other grievance(s).   Although Plaintiff may have listed these Defendants in the numerous medical kites and health care requests he provided to the Court, those documents are not grievances, and, thus, do not fulfill the exhaustion requirement.   As with his retaliation claim, it is not clear whether Plaintiff may still grieve his retaliation claim.

C.     **Eighth Amendment Claim against Defendants Simmons, Peters, Birkett, Heebsh, and Burtch**

On the Court's initial review, and construing Plaintiff's complaint liberally, *see Haines,* 404 U.S. at 520, it appears that Plaintiff has exhausted his Eighth Amendment claim against Defendants Simmons, Burtch, Peters, Birkett, and Heebsh.  At Step I of Grievance No. LRF 0602 0022 412 E3, Plaintiff named Defendant Simmons and complained of forced catheter re-use.  (Pl.'s Resp. Attach. at 7, docket #4).[2]  In his complaint and in response to the Court's order to show cause, Plaintiff stated that other grievances he'd written were "ignored by the staff"; and that grievances he'd written naming Defendants Burtch, Peters, Birkett, and Heebsh regarding medical accommodations "mysteriously disappeared with no response."(Compl. at 5, docket #1; Pl.'s Resp., docket #4). Plaintiff further claims that his copies of the grievances he filed were taken my prison officials  during "shake-downs" of Plaintiff's cell.  (Pl.'s Resp., docket #4).  Construing these allegations liberally, the Court finds upon initial review that Plaintiff's Eighth Amendment claim against Defendants Simmons, Burtch, Peters, Birkett, and Heebsh are exhausted.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not

_____

[2]There is some support for Plaintiff's allegation that at least one grievance he filed may have been "ignored" by prison officials.  The goldenrod-colored "Prisoner's Copy" of a grievance form Plaintiff filled out on April 11, 2006 describing the confiscation of his television, radio, and headphones appears not to have been processed by the prison.  There are no entries in the "Date Received at Step I" or "Grievance Identifier" fields, which are filled in by prison officials upon receipt and processing of a grievance.

relieve a plaintiff from payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)).

Because Plaintiff's complaint is a "mixed complaint," alleging both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or to dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule.  The Sixth Circuit recently held in *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006), that the court is no longer following the total exhaustion rule of *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005); and that the partial-exhaustion rule is necessarily the law of the Sixth Circuit.  *Spencer*, 449 F.3d at 726.  Pursuant to *Spencer*, the Court will serve Plaintiff's exhausted claims against Defendants Simmons, Peters, Birkett, Heebsh, and Burtch.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines upon initial review that the Plaintiff's Eighth Amendment claim against Defendants Simmons, Peters, Birkett, Heebsh, and Burtch are exhausted and the Court will order service thereof.

The Court determines that Plaintiff's retaliation claim against all Defendant and his Eighth Amendment claim against Defendants Correctional Medical Services, Berghuis, Smith, Rich, Belanger, Van Setters, and Abdellatif are unexhausted, and will dismiss those Defendants without prejudice for failure to exhaust administrative remedies.

An Order consistent with this Opinion will be entered.


Date:___January 19, 2007_____          /s/ Robert Holmes Bell_____
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE