UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TIMOTHY BOULDING, #472529,  )
)
            Plaintiff,  )   Case No. 1:06-cv-811
)
v.  )   Honorable Paul L. Maloney
)
CORRECTIONAL MEDICAL  )
SERVICES, et al.,  )
)   **REPORT AND RECOMMENDATION**
            Defendants.  )
_____)

This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. On October 1, 2007, plaintiff filed a one-page motion for a preliminary injunction. (docket # 69). Plaintiff requests that the court order defendants to supply plaintiff with "proper" medical supplies. Plaintiff's motion is not supported by a brief or exhibits.[1] The brief in opposition to plaintiff's motion filed by defendants Correctional Medical Services, Inc., Badawi M. Abdellatif, M.D., Robert Burtch, D.O., and Sarah Hope Heebsh, P.A., is not supported by exhibits. (docket # 71). Plaintiff's reply brief (docket # 73) is not supported by exhibits.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."

---

[1] Plaintiff states in paragraph 3 of his motion that he mailed the supporting documentation to the court in July and September of 2007. The referenced "supporting documentation" (docket #'s 60, 67) consists of grievances and kites plaintiff filed regarding various issues, such as a lost package from "Shamans Drum Magazine." This is not evidence regarding plaintiff's current medical condition, much less evidence establishing that plaintiff requires immediate court intervention with regard to his medical care or supplies.

*Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying motions for preliminary injunctions under an abuse of discretion standard. *Id.*; *Lantech.com v. Yarbrough*, 247 F. App'x 769, 772-73 (6th Cir. 2007). None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. Plaintiff did not marshal any evidence in support of his motion. Plaintiff's unsupported allegations do not suffice. *See e.g.*, *Thomas v. Darbouze*, No. 2:07-cv-630-MEF, 2007 WL 3125115, at * 3 (M.D. Ala. Oct. 24, 2007); *Larson v. Neubarth*, No. 1:05-cv-817-LJO-SMS-(PC), 2007 WL 3119674, at * 4 (E.D. Cal. Oct. 23, 2007)("A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence.").

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction be denied.

Dated: February 11, 2008        /s/ Joseph G. Scoville
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).