UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| TIMOTHY BOULDING, #472529, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-811 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Earnest C. Brooks Correctional Facility (LRF) located in Muskegon Heights, Michigan. Plaintiff was an inmate at LRF when he filed his complaint on November 6, 2006. Plaintiff's complaint related to the conditions of his confinement at LRF and his earlier confinement at the Standish Maximum Correctional Facility (SMF), particularly the medical care and supplies that plaintiff received. Plaintiff's complaint made a vague assertion that he had been subjected to "subtle forms of harassment" during his incarceration. Plaintiff's complaint named a dozen defendants:

(1) Correctional Medical Services, Inc. (CMS);
(2) SMF Dr. Robert Burtch;
(3) SMF Physician's Assistant S. H. Heebsh;
(4) SMF Warden Thomas Birkett;
(5) SMF Health Unit Manager Karen Peters;
(6) LRF Warden Mary K. Berghuis;

-1-

      (7)      LRF Deputy Warden Rick Smith;
      (8)      LRF Dr. Badawi Abdellatif;
      (9)      LRF Nurse Karen Rich;
      (10)    LRF Nurse Brenda Belanger;
      (11)    LRF Nurse Theresa J Simons; and
      (12)    LRF "D.O.N." Julie VanSetters.

Defendants were sued in their individual capacities for twenty million dollars in damages. Plaintiff requested injunctive relief against defendants in their official capacities compelling defendants to provide plaintiff with "adequate medical supplies to prevent the risk of infection." (docket # 1, ¶ VI).

      In early 2007, defendants filed Rule 12(b)(6) motions to dismiss plaintiff's complaint on the basis of plaintiff's failure to properly exhaust his available administrative remedies as required by the Prison Litigation Reform Act. (docket #'s 21, 24, 36). While these motions were pending, plaintiff filed a motion for leave to file an amended complaint. (docket # 40). On May 29, 2007, the court entered an order dismissing plaintiff's motion for leave to amend his complaint because plaintiff was entitled to amend as of right under Rule 15(a) of the Federal Rules of Civil Procedure. (docket # 47). Because the parties had treated the defendants' motions to dismiss as motions for summary judgment by relying on exhibits outside the pleadings, on May 29, 2007, the court converted the motions into motions for summary judgment and provided the parties with an additional fourteen days within which to submit evidence that they believed the court should consider in ruling on the summary judgment motions. (docket # 48).

      On June 4, 2007, plaintiff filed his first amended complaint which he labeled as a "Civil Rights Complaint Under the Americans with Disabilities Act." (docket # 50). On June 8, 2007, defendants CMS, Heebsh, Burtch, and Abdellatif filed a hybrid "Motion to Dismiss Plaintiff's

Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56(b)." (docket # 53). In this pleading, plaintiff complains about the prison practice of requiring him to wash and reuse catheters, but it is not possible to discern which defendant is responsible for any alleged act or omission. Three days later, plaintiff attempted to amend his first amended complaint without obtaining leave of court. (docket # 55).

On June 19, 2007, the court determined that plaintiff's amended complaint contained ambiguous and confusing attempts to incorporate some or perhaps all of the now-superceded original complaint by reference. The net result was that plaintiff's first amended complaint contained an unintelligible statement of facts and was unclear as to the claim or claims plaintiff was asserting against any defendant, and thus failed to satisfy the basic requirements of Rule 8 of the Federal Rules of Civil Procedure. (6/19/07 Order, docket # 56). The amended complaint did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). The court ordered plaintiff to file a second amended complaint within 14 days and required that the second amended complaint cure specified defects:

> Plaintiff's second amended complaint must set forth in a single pleading all claims plaintiff is alleging against defendants, making clear which claims are asserted against each defendant. The second amended complaint must satisfy all the requirement of Rule 8 of the Federal Rules of Civil Procedure, including providing fair notice to each defendant of the claims plaintiff is asserting against that defendant and the grounds on which the claim rests. Failure to comply with the court's order may result in dismissal of this lawsuit.

(docket # 56 at 2-3). Because defendants' motions for summary judgment (docket #'s 21, 24, 36, 53) were not directed against the plaintiff's yet-to-be-filed second amended complaint, the court dismissed the motions without prejudice. (docket # 56 at 3).

Plaintiff did not comply with the court's June 19, 2007 order. He has never filed a second amended complaint. The four documents that plaintiff filed in July 2007 (docket #'s 57-60) do not indicate any effort by plaintiff to comply with this court's order. Instead of following the court's order, plaintiff filed a three paragraph "Statement in Response to Court's Order" (docket # 58), a document he captioned as a "Statement of Facts" (docket # 59), a letter addressed to court (docket # 57), and a fragmentary document without a caption that appears to be a letter (docket # 60). None of these documents constitute a second amended complaint in compliance with the court's order.[1] Plaintiff did not cure the fatal deficiencies of his first amended complaint. His submissions (docket #'s 57-60)[2] compounded the problems exponentially. Plaintiff's papers did not "set forth

---

[1] On July 11, 2007, defendants CMS, Heebsh, Burtch and Abdellatif filed a "Renewed Motion to Dismiss and for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56(b)" (docket # 61) and on July 16, 2007, defendants Peters, Birkett, Berghuis, Smith, Rich, Kasper (nee Belanger), Simmons, and VanSetters filed a "Renewed Motion to Dismiss/Motion for Summary Judgment." (docket # 62). Defendants understandably had an extraordinarily difficult time attempting to engage plaintiff's fragmented and disjointed pleadings. The documents defendants submitted in conjunction with the July 11, 2007 motion indicate that when plaintiff complained that he lacked adequate supplies, an examination of plaintiff's cell revealed that, among other things, plaintiff possessed a dozen unopened catheters and 80 incontinence garments. Other documents state that washing and reusing catheters is common practice in non-hospital settings, that plaintiff has been instructed on more than one occasion with regard to how to wash his catheters with antibacterial soap, and other steps plaintiff must take to reduce his risk of infection. While plaintiff undoubtedly finds his chore of washing catheters to be unpleasant, nothing in the limited record presented suggests that requiring such washing by plaintiff is contrary to accepted medical practices, much less that it rises to the level of an Eighth Amendment violation.

[2] On September 21, 2007, plaintiff sent a letter to the court and attached to it an August 14, 2007 "Prisoner Kite" regarding a package plaintiff had been expecting to receive from a company named "Shamans Drum Magazine." Plaintiff's letter promised that he would be sending "further communication" to the court "request[ing] various [forms] of assistance in the next few weeks." (docket # 67). It is unclear what plaintiff was attempting to accomplish through his letter. If the letter was intended as a motion it is patently deficient and does not comply with the Federal Rules of Civil Procedure or the Local Civil Rules of the Western District of Michigan.

in a single pleading" all the claims plaintiff is alleging against the defendants. Plaintiff has never made any attempt to make clear the claim or claims plaintiff is asserting against each defendant. Plaintiff has not provided fair notice to each defendant of the claims he is asserting against that defendant and the grounds on which the claim rests.

Plaintiff's violations of the court's June 19, 2007 order have effectively brought this case to a standstill. Plaintiff filed this lawsuit on November 9, 2006. The lawsuit has been pending for well over a year and there has been no progress. Plaintiff's pleadings remain in total disarray. The court cannot possibly begin to adjudicate this case, and dismissal appears to be the only option. The United States Court of Appeals for the Sixth Circuit reviews district court decisions ordering dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure under an abuse of discretion standard. *See Parks v. City of Memphis*, 88 F. App'x 897 (6th Cir. 2004). Plaintiff's refusal to comply with the straightforward requirements of court's June 19, 2007 order was willful and in bad faith. The documents plaintiff filed (docket #'s 57-60) do not evidence the slightest effort by plaintiff to comply with the court's order. Plaintiff was expressly warned on June 19, 2007, that his refusal to comply with the court's order could result in dismissal of his lawsuit. Defendants have been severely prejudiced by prolonged delay and expenses directly attributable to plaintiff's failure to comply with the court's order. Although dismissal is a harsh sanction, it is warranted given plaintiff's contumacious conduct. *See Nader v. Land*, 443 F.3d 496, 502 (6th Cir. 2006); *see also Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004). Every factor that the court is to consider with regard to Rule 41(b) sanctions weighs heavily in favor of the immediate dismissal of plaintiff's lawsuit. *See Bryant v. United States*, 166 F. App'x 207, 210 (6th Cir. 2006). Generally, involuntary dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Under the unique circumstances of this case, however, I recommend that the court utilize the lesser sanction of dismissal without prejudice. Plaintiff paid the $350 filing fee in this case. If plaintiff elects to file a new lawsuit in this court asserting some or all the claims he attempted to raise in this lawsuit, plaintiff will have to pay the applicable filing fee. A second filing fee should provide sufficient inducement for plaintiff to comply with this court's orders.

## Recommended Disposition

For the reasons set forth herein, I recommend that this lawsuit be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. I further recommend that defendants' motions to dismiss and for summary judgment (docket #'s 61, 62) be dismissed as moot.

Dated:  February 12, 2008         /s/  Joseph G. Scoville
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).