UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| TIMOTHY BOULDING, #472529, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-811 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. On February 11, 2008, I filed a report and recommendation (docket # 75) recommending that plaintiff's motion for a preliminary injunction (docket # 69) be denied. On February 22, 2008, plaintiff filed a "Response" to the report and recommendation (docket # 80), and new motion for a preliminary injunction. (docket # 81). Plaintiff's most recent motion, like its predecessor, asks the court to compel the defendants to provide plaintiff with "proper medical supplies, in proper quantities." (docket # 81 at 2). Unlike the earlier motion, plaintiff's current motion for a preliminary injunction is supported by some evidence:

    (1)    an October 8, 2007 healthcare request;

    (2)    a December 7, 2007 healthcare request and the December 8, 2007 response;

    (3)    a December 17, 2007 healthcare request and the December 19, 2007 response;

    (4)    a January 30, 2008 grievance;

    (5)    medical records regarding treatment plaintiff received at Mercy General Hospital in Muskegon, Michigan from January 16, 2008 through January 24, 2008; and

(6)   a three-page letter from plaintiff addressed to United States District Judge Paul L. Maloney.

(*Id.*, attachments). Plaintiff's motion is not accompanied by a supporting brief. It is patent from the motion itself that plaintiff is claiming deliberate indifference to serious medical needs in violation of his Eighth Amendment rights: "healthcare and treatment or lack thereof, has placed plaintiff's life in jeopardy." (*Id.*, ¶ 1). Defendants Correctional Medical Services, Inc., Badawi M. Abdellatif, M.D., Robert Burtch, D.O., and Sarah Hope Heebsh, P.A., have filed a brief in opposition to plaintiff's motion. (docket # 83).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his [] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying motions for preliminary injunctions under an abuse of discretion standard. *See Certified Restoration Dry Cleaning, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540-41 (6th Cir. 2007); *Lantech.com v. Yarbrough*, 247 F. App'x 769, 772-73 (6th Cir. 2007). None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. Plaintiff has not shown a strong likelihood of success on the merits. The evidence shows that plaintiff receives regular medical attention. Plaintiff contends that he should be supplied with a higher level of care at State expense. "[T]he standard of care in this area is not negligence." *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006); *see Cabaniss v. City of Riverside*, 231 F. App'x 407, 414 (6th Cir. 2007). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Briggs v. Oakland County*, 213 F. App'x 378, 385-86

(6th Cir. 2007). Plaintiff's disagreement with the course of his treatment by medical professionals does not suffice to establish a likelihood of success on the merits of his Eighth Amendment claims. *Hix v. Tennessee Dep't of Corrections*, 196 F. App'x 350, 357 (6th Cir. 2006). Plaintiff has not shown irreparable injury. The public interest would not be served by issuing a preliminary injunction, and the issuance of a preliminary injunction would constitute unwarranted federal court interference with the medical care the State of Michigan is currently providing to plaintiff as he serves his three concurrent prison terms of 25-to-40 years' imprisonment imposed in 2004 on plaintiff's felony convictions of three counts of first-degree criminal sexual conduct.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's most recent motion for a preliminary injunction (docket # 81) be denied.


Dated:   March 19, 2008            /s/  Joseph G. Scoville
                                   United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).