UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY J. BOULDING,
        Plaintiff,

                          Case No. 1:06-cv-811

-v-

                          HONORABLE PAUL L. MALONEY
                          HONORABLE JOSEPH G. SCOVILLE

CORRECTIONAL MEDICAL
SERVICES, et al.,
        Defendant.

ORDER ACCEPTING TWO REPORTS AND RECOMMENDATIONS OVER OBJECTIONS
AND ONE REPORT AND RECOMMENDATION WITHOUT OBJECTIONS

       This Court has before it three Reports and Recommendations (Dkt. Nos. 75, 77 and 85). As background, Plaintiff Boulding filed his complaint in November 2006 alleging harassment and inadequate medical treatment. On June 4, 2007, Plaintiff filed, without leave, an amended complaint (Dkt. No. 50). Because the amended complaint was unintelligible, ambiguous and confusing, Judge Robert Holmes Bell, on June 19, 2007, ordered (Dkt. No. 56) Plaintiff to file a second amended complaint within fourteen days that complied with Rule 8 of the Federal Rules of Civil Procedure. On July 5, 2007, Plaintiff filed a "statement of facts" (Dkt. No. 59) and a short letter updating the Court on his latest concerns with his treatment (Dkt. No. 60). Plaintiff has continued to update the Court as to his latest medical condition and complaints (Dkt. Nos. 72, 74 and 76). Plaintiff has not filed a second amended complaint.

LEGAL FRAMEWORK

       After being served with a Report and Recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir.

2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

    A.  DOCKET NO. 75

On October 1, 2007, Plaintiff Boulding filed a motion for a preliminary injunction (Dkt. No. 69). The Magistrate Judge recommends (Dkt. No. 75) the motion be denied on the basis that Plaintiff failed to support the facts alleged in his motion with any exhibits or other documentary material. Plaintiff filed an objection (Dkt. No. 80). Defendants filed a response (Dkt. No. 84).

The Report and Recommendation (Dkt. No. 75) is **ACCEPTED OVER OBJECTIONS**. Plaintiff's objection merely reiterates the same facts contained in the motion and provides facts outlining what has occurred since he filed his motion. Plaintiff references a letter and attachments sent to this Court on February 8, 2008 (Dkt. No. 76) as exhibits which support his motion.

Plaintiff's objections are not specific and do not address the reasons the Magistrate Judge recommended denying the motion. The letter and attached exhibits show that Plaintiff has complained of a urinary tract infection, but do not show he has been diagnosed with one. The responses to the medical kites indicate Plaintiff is being treated, even if Plaintiff is not satisfied with that treatment.

### B. DOCKET NO. 85.

Plaintiff filed a second motion for a preliminary injunction (Dkt. No. 81), this time with supporting documentation. The Magistrate Judge recommends (Dkt. No. 85) denying the second motion for a preliminary injunction because none of the four factors to consider support Plaintiff's request. Plaintiff filed an objection (Dkt No. 87). Plaintiff submits the results of a lab test showing he has a urinary tract infection and a subsequent medical kite in which the nurse indicates the test does not indicate an infection. Defendants filed a response (Dkt. No. 88) to the objection, in which they concede the lab results indicated an infection.

The Report and Recommendation (Dkt. No. 85) is **ACCEPTED OVER OBJECTIONS.** Plaintiff's objections do not specifically address the Magistrate Judge's analysis of the balance of factors which must be considered for a preliminary injunction. As pointed out by Defendants and by the Magistrate Judge, and supported by the documents submitted with Plaintiff's objections, Plaintiff continues to receive treatment for his condition.

### C. DOCKET NO. 77

The Magistrate Judge recommends (Dkt. No. 77) dismissing the complaint, without prejudice, on the basis that Plaintiff has failed to comply with court orders. In July 2007, Plaintiff was ordered to file an amended complaint which complied the pleading requirements in Rule 8 of

the Federal Rules of Civil Procedure. Plaintiff has not filed an amended complaint and the documents he has filed do not comply with Rule 8. Plaintiff was granted additional time to file his objections (Dkt. No. 82) which were due on March 17, 2008. Plaintiff has not filed any objections, instead he submitted a letter on March 24, 2008 (Dkt.No. 86) explaining that he was in the hospital from March 4 through March 10. When returned to the facility, he found his property in "total disarray, with all legal documents, another necessary items lost for several days." (Letter from Plaintiff).

The Report and Recommendation (Dkt. No. 77) is **ACCEPTED WITHOUT OBJECTIONS.** Plaintiff was afforded additional time to file objections. More than eight weeks has passed since Plaintiff's extended deadline for filing objections. In addition, more than nine months have passed since Plaintiff was ordered to file an amended complaint.

R&R (Dkt. No. 75) is **ACCEPTED OVER OBJECTIONS.** Plaintiff's motion (Dkt. No. 69) for a preliminary injunction is **DENIED.** R&R (Dkt. No. 85) is **ACCEPTED OVER OBJECTIONS.** Plaintiff's motion (Dkt. No. 81) for a preliminary injunction is **DENIED.** R&R (Dkt. No. 77) is **ACCEPTED.** Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.** Defendants' motions to dismiss and/or for summary judgment (Dkt. Nos. 61 and 62) are **MOOT.**

THIS ACTION IS TERMINATED.

IT IS SO ORDERED.

Date:   May 16, 2008                                     /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge